UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. BOOTH,<br><br>           Plaintiff,<br><br>   v.<br><br>TOLBERT CAMPBELL, et al.,<br><br>           Defendants. | Case No. 1:21-cv-00123-JLT-BAM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 10) |

Plaintiff Patrick J. Booth is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On May 5, 2022, Plaintiff filed the instant motion for an order appointing counsel to represent him in this case. (Doc. 10.) Plaintiff explains that he is an indigent inmate with limited resources and limited access to the prison law library. (*Id.* at 1.) Plaintiff also contends that this issues in this case are complex. He believes counsel would help him with briefs, and presenting evidence and conducting cross-examination of witnesses at trial. (*Id.* at 1-2.)

Plaintiff does not have a constitutional right to appointed counsel in this action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). The court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. §1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary

1

assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. His indigent status and incarceration are not sufficient to make this case exceptional. This court is faced with similar cases almost daily from indigent, incarcerated plaintiffs with limited resources and limited access to the law library. Further, at this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. There also is no indication from the record that Plaintiff is unable to articulate his claims pro se.

Accordingly, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: __May 3, 2022__    /s/ *Barbara A. McAuliffe* _
UNITED STATES MAGISTRATE JUDGE