1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. BOOTH, | Case No.  1:21-cv-00123-JLT-BAM |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| TOLBERT CAMPBELL, et al., | (Doc. 1) |
| Defendants. | **THIRTY-DAY DEADLINE** |

Plaintiff Patrick J. Booth ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, initiated this civil rights action against Deputy Sheriff Tolbert Campbell, Deputy Sheriff Karl Hancock, and Madera County Sheriff John Doe on January 19, 2021.  Plaintiff's complaint is currently before the Court for screening.  (Doc. 1.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b);

1

1  1915(e)(2)(B)(ii).

2       A complaint must contain "a short and plain statement of the claim showing that the

3  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

4  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

6  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

7  true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,

8  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

9       To survive screening, Plaintiff's claims must be facially plausible, which requires

10  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

11  for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

12  *Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

13  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

14  standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

15      **II.**    **Plaintiff's Allegations**

16       Plaintiff is currently housed at Mule Creek State Prison in Ione, California.  He brings suit

17  against Madera County Deputy Sheriffs Tolbert Campbell and Karl Hancock in their individual

18  capacities and Madera County Sheriff John Doe, in his individual and professional capacity, for

19  asserted violations of the Fourth, Fifth and Fourteenth Amendments to the United States

20  Constitution.

21       Plaintiff alleges that on October 16, 2021, the California Court of Appeal for the Fifth

22  Appellate District issued an order granting Plaintiff's request for a digital disc and set of photos

23  on the disc. (Doc.  1 at 10.)  The Court takes judicial notice of the Appellate Court's order, which

24  is attached to Plaintiff's complaint. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo,*

25  *Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (finding court may take judicial notice of the records of

26  proceedings in other federal or state courts if related to the matters at issue).  According to the

27  order, Plaintiff brought a habeas corpus petition asserting that he was denied a copy of "the digital

28  disc containing the photographs of the crime scene, which criminalist Dolores Floriano collected

1   on or about July 19, 2004." (Doc. 1 at 8.)  Plaintiff reportedly argued that after the photographs

2   were taken, evidence containing his fingerprints was planted at the scene.  He also argued that the

3   photos on the digital disc would establish that said evidence was not at the crime scene at the time

4   the criminalist took the photos on digital disc.  (*Id.*)  The Appellate Court concluded that Plaintiff

5   had "made a sufficient prima facie showing to warrant the issuance of an order to show cause

6   returnable before the superior court with directions to grant [Plaintiff] a copy of said digital disc

7   that was prepared by the criminalist, Dolores Floriano, and copies of all of the photos collected on

8   said disc." (*Id.*)  The Appellate Court ordered the Department of Corrections and Rehabilitation

9   to show cause before the Madera County Superior Court why Plaintiff was not entitled to the

10  relief granted by the order.  (*Id.*)

11          In his complaint, Plaintiff contends that the disc and photos were withheld from him

12  before trial in Madera Superior Court case number MCR019164.  Plaintiff asserts that he was

13  convicted due to evidence falsified by Defendants Hancock and Campbell.

14          Plaintiff further alleges that on January 14, 2021, District Attorney Peterson sent 30 color

15  photos of the crime scene, which were on the digital disc that was withheld before trial.  The

16  photos were taken by Dolores Floriano, at the location of a home invasion in Madera, California

17  on July 19, 2004, immediately following the crime.

18          In 2004, Plaintiff was arrested in Nevada for questioning in the Madera, California home

19  invasion.  Defendant Campbell interrogated Plaintiff, who proclaimed his innocence.  Plaintiff

20  also requested an attorney and did not answer more questions from Defendant Campbell.  After

21  the interrogation, Defendant Campbell pulled down on Plaintiff's handcuffs and yelled,

22  "[Expletive] I did not come all this way for nothing.  If you don't tell me who hurt this family all

23  [sic] make [expletive] sure you go down for this [expletive].  If you protect them . . . you'll find

24  yourself in prison for the rest of your life." (Doc. 1 at 11-12.)  Plaintiff shrugged his shoulders

25  and Defendant Campbell stated, "So be it then," and walked away.  (*Id.* at 12.)

26          Plaintiff was extradited to Madera County and charged in the case of MCR019164 for the

27  home invasion crime.  Plaintiff advised his appointed attorney that Defendant Campbell was

28  going to set him up and told the attorney about the interrogation in Nevada.  Plaintiff felt the

1    appointed attorney would not address Defendant Campbell's threats, so Plaintiff filed his

2    appointed attorney and represented himself in the criminal proceeding.

3            Plaintiff proclaimed his innocence to the court and the district attorney, Mr. Licalsi.

4    Plaintiff told Mr. Licalsi that the photos from the criminalist, Dolores Floriano, would prove that

5    Defendant Campbell and Hancock were setting Plaintiff up.  Plaintiff repeatedly requested the

6    color photos and the court ordered Mr. Licalsi to provide them.  However, Mr. Licalsi would not

7    give Plaintiff the digital disco or a copy of the photos on the disc.  Mr. Licalsi would only provide

8    Plaintiff with 15 black and white photos of the crime scene.

9            As part of discovery, Mr. Licalsi provided an array of 5 photos taken by Defendants

10   Campbell and Hancock, which they testified were of the crime scene.  They also went to the

11   home days after to find new evidence that the criminalist did not collect at or on the day of the

12   crime.

13           Plaintiff claims that the criminalist took color photos of every room and at every angle in

14   the home at the time the crime occurred using a digital 35-millimeter camera.  Mr. Licalsi

15   withheld the color photos, providing only 15 black and white photos, which Plaintiff alleges

16   appears to be an attempt to cover up the acts of Defendants Campbell and Hancock.  Plaintiff

17   advised Mr. Licalsi that Defendants Campbell and Hancock were planting evidence in the case,

18   but Mr. Licalsi refused to act on the information.

19           On January 14, 2021, Plaintiff claims that it was discovered that Defendants Campbell and

20   Hancock committed a felony act.  Plaintiff contends that they used their authority as Sheriff's

21   officers to falsify evidence to wrongfully convict Plaintiff.

22           Following the order by the state appellate court, Deputy District Attorney Peterson sent

23   Plaintiff 30 color photos of the crime scene taken by criminalist Dolore Floriano.  Plaintiff

24   identifies certain evidence that he believes was falsified based on the provided photos.  Plaintiff

25   asserts that his Fourteenth Amendment due process and equal protection rights were violated,

26   along with his First Amendment right of speech and assembly.  Plaintiff used his right to be silent

27   when Defendant Campbell questioned him in Nevada.  Defendant Campbell also knew that it was

28   Plaintiff's "associations with the Red and White (Hells Angels Motorcycle Club) that [were]

1   responsible for the crime in Madera."  (Doc. 1 at 16.)

2           Plaintiff re-alleges that Defendants Campbell and Hancock falsified evidence to deprive

3   Plaintiff of his freedom and used photos from Plaintiff's home to insinuate that Plaintiff's DNA

4   and fingerprints were at the crime scene.  They also took photos to insinuate that certain items

5   were at the home in Madera, but the photos were not in Madera.

6           As to Defendant Sheriff John Doe, Plaintiff alleges that he is responsible for training

7   Defendants Campbell and Hancock.  Plaintiff wrote the Sheriff a letter explaining that Defendants

8   Campbell and Hancock falsified evidence to convict Plaintiff of crimes he did not commit.  In the

9   letter, Plaintiff indicated that the Sheriff should look at the evidence in the property room and

10  explained what evidence would prove that Defendant Campbell and Hancock used to falsify

11  evidence to get a wrongful conviction of Plaintiff.  Additionally, Plaintiff alleges that the Sheriff

12  used his authority to allow Defendants Campbell and Hancock to violate Plaintiff's rights.

13  Plaintiff also contends that the Sheriff did not protect and serve him.  Plaintiff claims that he is in

14  prison because the Sheriff is allowing days to go by knowing Defendants Campbell and Hancock

15  falsified evidence without notifying the Madera County District Attorney and the Madera County

16  Superior Court.

17      **III.    Discussion**

18          **A. *Heck* Bar**

19          At its core, Plaintiff's complaint seeks damages pursuant to § 1983 based on allegations

20  that Defendants Campbell and Hancock falsified evidence in Plaintiff's criminal proceedings to

21  deprive Plaintiff of his freedom.

22          It has long been established that state prisoners cannot challenge the fact or duration of

23  their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief.

24  *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or

25  the *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners

26  "seek to invalidate the duration of their confinement-either *directly* through an injunction

27  compelling speedier release or *indirectly* through a judicial determination that necessarily implies

28  the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81; *Heck v. Humphrey*, 512 U.S.

5

477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82.

As indicated, Plaintiff's damages action is premised on allegations that certain officers fabricated evidence used to convict him, which would necessarily implicate the validity of his conviction.  However, a § 1983 action for damages will not lie where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." *Heck*, 512 U.S. at 481–482.  Plaintiff may not pursue § 1983 damages for his claims until Plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487.

## B.  Habeas Corpus

To the extent that Plaintiff is attempting to challenge the validity of his conviction and his incarceration, the exclusive method for asserting that challenging is by filing a petition for writ of habeas corpus. As stated above, state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action, and their sole remedy lies in habeas corpus relief. *Wilkinson*, 544 U.S. at 78 ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead.").

## C.  Madera County Sheriff's Department

Plaintiff brings suit against Defendant Sheriff John Doe in his individual and official capacities.  "A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself."  *Larez v. Cty. of Los Angeles*, 946 F.2d 630, 646 (9th Cir.1991).  Accordingly, the Court considers Plaintiff's claims against Defendant Sheriff John Doe in his official capacity as a claim against the Madera County Sheriff's Department.

///

"To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n. 5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir.1987)).

The Court recognizes that there is a split within district courts in the Ninth Circuit on whether a sheriff department is "person" under § 1983 and a proper defendant for § 1983 claims. *See Siratsamy v. Sacramento Cty. Sheriff Dep't*, No. 2:21-cv-0678-JAM-KJN PS, 2021 WL 2210711, at *4 (E.D. Cal. June 1, 2021) (noting split of authority on whether a California sheriff's department or police department is a "person" under § 1983 and a proper defendant for § 1983 claims); *Cantu v. Kings Cty.*, No. 1:20-cv-00538-NONE-SAB, 2021 WL 411111, at *1 (E.D. Cal. Feb. 5, 2021) (discussing split within district courts in the Ninth Circuit on issue of whether a sheriff's department or police department is a separately suable entity).  However, certain courts, including the district judge assigned to this action, have found that a sheriff's department or police department may be sued as a "person" under § 1983.  *See, e.g.*, *Estate of Osuna v. Cty. of Stanislaus*, 392 F.Supp.3d 1162, 1172 n. 2 (E.D. Cal. 2019) (concluding that sheriff's departments and police departments are "persons" within the meaning of § 1983); *Tennyson v. Cty. of Sacramento*, No. 2:19-cv-00429-KJM-EFB, 2020 WL 4059568, at *6 (E.D. Cal. July. 20, 2020) (finding Sheriff's Department a properly named defendant in § 1983 action).

Under § 1983, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *Monell v. Dep't of Soc. Servs. of Cty. of New York*, 436 U.S. 658, 691 (1978).  Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007).  Plaintiff does not allege facts to support a claim that any alleged constitutional violation was the result of a deliberate policy, custom or practice instituted by the Madera County Sheriff's Department.

///

7

### D. Supervisory Liability

Insofar as Plaintiff brings claims against Defendant John Doe in his individual capacity based solely on his supervisory role, he may not do so.  Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales*, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

Here, Plaintiff's conclusory statements are insufficient to state a cognizable claim against Defendant Sheriff John Doe.  Plaintiff does not allege that Defendant Sheriff John Doe personally participated in or directed the alleged violations.  Plaintiff also does not allege that Defendant Sheriff John Doe implemented a deficient policy that was the moving force of the violation.  *See Willard v. Cal. Dep't of Corr. & Rehab.*, No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation."). A "failure to train" theory can be the basis for a supervisor's liability under § 1983 in only limited circumstances, such as where the failure amounts to deliberate indifference. *Id.*; *see also City of Canton v. Harris*, 489 U.S. 378, 387-90 (1989). To establish a failure-to-train claim, a plaintiff must show that "'in light of the duties

assigned to specific officers or employees, the need for more or different training [was] obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers...can reasonably be said to have been deliberately indifferent to the need.'" *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002) (quoting *Canton*, 489 U.S. at 390).  Plaintiff has not alleged facts demonstrating that defendant was deliberately indifferent to a need for more or different training.

### E.  Doe Defendants

Plaintiff names Doe defendants in this action. Unidentified, or "John Doe" defendants must be named or otherwise identified before service can go forward. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants cannot be served until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

### IV.    Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim for relief under section 1983.  As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."

Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 10, 2022**            /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE

10