UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. BOOTH,<br><br>  Plaintiff,<br><br>  v.<br><br>TOLBERT CAMPBELL, et al.,<br><br>  Defendants. | Case No.  1:21-cv-00123-JLT-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 13) |

Plaintiff Patrick J. Booth is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  Plaintiff filed a motion for an order appointing counsel to represent him in this case.  (Doc. 10.)  The assigned magistrate judge denied Plaintiff's motion.  (Doc. 11.)

Plaintiff then filed a document titled "Objections, Notice of Withdrawing of Magistrate Participation on this Case."  (Doc. 13.)  The Court construes this as a motion for reconsideration of the magistrate judge's ruling on the motion for appointment of counsel.  However, the document does not offer sufficient grounds for reconsideration under the applicable "clearly erroneous" standard.  *See McDonald v. Waddington*, No. C07-0135-JCC-BAT, 2009 WL 302279, at *2 (W.D. Wash. Feb. 6, 2009) ("Issues related to appointment of counsel are deemed non-dispositive, and thus a magistrate judge's determination of such matters is entitled to deference

1

unless it is clearly erroneous or contrary to law.").[1]

In his filing, Plaintiff reasserts his request for an order appointing counsel. He states that "the Court felt Mr. Booth was not in custody" at the time of the conduct complained of, "however that is not the case." (Doc. 13 at 3; *see also id.* at 2 ("The defendants violated Mr. Booth's civil rights while he was in custody.").) This objection is irrelevant to the Court's decision on whether to appoint counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and in assessing whether "exceptional circumstances" exist that would warrant the appointment of volunteer counsel, the Court does consider whether or not Plaintiff was in custody at the time of alleged conduct. *See Rand*, 113 F.3d at 1525. The magistrate judge's ruling is otherwise reasonable and justified. Therefore, to the extent that Plaintiff's filing was intended to be a motion for reconsideration, it is DENIED.

IT IS SO ORDERED.

Dated:   **May 22, 2022**

UNITED STATES DISTRICT JUDGE

---

[1] To the extent Plaintiff is objecting more generally to the magistrate judge's participation in this case, that objection is unfounded. Local Rule 302 delegates to assigned magistrate judges "all duties permitted by 28 U.S.C. § 636(a), (b)(1)(A), or other law where the standard of review of the Magistrate Judge's decision is clearly erroneous or contrary to law." Appointment of counsel is a non-dispositive matter subject to the clearly erroneous standard; therefore, it was appropriate for the magistrate judge to rule on the motion to appoint counsel.