# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. BOOTH, | Case No. 1:21-cv-00123-JLT-BAM |
| Plaintiff, | ORDER REGARDING PLAINTIFF'S MOTION TO QUASH 1983 SUIT UNDER HECK BAR |
| v. | |
| TOLBERT CAMPBELL, et al., | (Doc. 16) |
| Defendants. | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| | (Doc. 15) |
| | **FOURTEEN-DAY DEADLINE** |

Plaintiff Patrick J. Booth ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, initiated this civil rights action against Deputy Sheriff Tolbert Campbell, Deputy Sheriff Karl Hancock, and Madera County Sheriff John Doe on January 19, 2021. (Doc. 1.) On May 10, 2022, the Court screened Plaintiff's complaint and granted him leave to amend. (Doc. 12.) On May 31, 2022, Plaintiff filed a first amended complaint. (Doc. 15.) Plaintiff also filed a "Motion to Quash 1983 Suit Under Heck Bar," which seeks dismissal of Defendants Tolbert Campbell and Karl Hancock from this action. (Doc. 16 at 1-2.)

///

///

### I. Plaintiff's Motion for Voluntary Dismissal

Plaintiff requests that this Court dismiss Defendants Campbell and Hancock from this action. Defendants Campbell and Hancock are not named in the first amended complaint. Nonetheless, pursuant to Plaintiff's request for voluntary dismissal, (Doc. 16), these defendants are terminated from this action by operation of law without further order from the Court. Fed. R. Civ. P. 41(a)(1)(A)(i).

### II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

///

///

2

### III. Plaintiff's Allegations

Plaintiff is currently housed at Mule Creek State Prison in Ione, California. In his first amended complaint, Plaintiff brings suit against Madera County Sheriff Tyson Pogue and the Madera County Sheriff's Department. Plaintiff claims violations of 18 U.S.C. §§ 1018 and 241 and violations of the Fifth and Fourteenth Amendments to the United States Constitution.

Plaintiff alleges: On January 18, 2021, Plaintiff wrote a letter to Defendant Pogue. Plaintiff requested that Defendant Pogue protect him because there was evidence housed in Defendant Pogue's evidence locker. That evidence would show that two of Defendant Pogue's officers planted evidence and that the two officers needed training so that they would never plant evidence in another case.

Plaintiff asserts that Defendant Pogue, Sheriff of Madera County, makes and creates policy within the Sheriff's Department. The policy surrounding evidence housed at the Sheriff's Department reportedly states, "No officer shall discard, purge, or throw away any evidence without an order to do so by the Superior Court of the County of Madera. Any evidence that is housed at the Sheriff's department shall be loged [sic], and follow the proper chain of custody set out by the Madera County Superior Courts rules of evidence." (Doc. 15 at 7.)

After Plaintiff notified Defendant Pogue of the lawsuit being filed surrounding evidence housed at the Madera County Sheriff's Office, Plaintiff alleges that Defendant Pogue contacted Lieutenant Robert Blehm "to conspire with, and to oppress, [Plaintiff] by asking Lieutenant Robert Blehm to make all the evidence disappear." (*Id.*)

Plaintiff contends Lieutenant Blehm is the officer in control of the evidence locker room at the Madera County Sheriff's Department. Lieutenant Blehm was ordered by Judge Bender of the Madera County Superior Court to provide a declaration under penalty of perjury notifying the court about evidence housed at the Sheriff's Department.

Plaintiff alleges that Lieutenant Blehm conspired with Sheriff Pogue to make all evidence housed at the Sheriff's Department disappear. Lieutenant Blehm stated in his declaration, "While the computer records indicate that we do retain some items of evidence. A physical search shows that we in fact do not appear to have any physical evidence." (*Id.* at 8.) There are no records

indicating what happened to the evidence that was supposed to be housed at the Madera County Sheriff's Department.

Plaintiff further alleges that Defendant Pogue used his position as the Sheriff of Madera County to knowingly make false statements to deprive Plaintiff of due process and to conspire to injure Plaintiff by making evidence disappear.

Plaintiff suggests that he would show a jury the following exhibits:  (1) "an email sent to Lieutenant Robert Blehm stating it would be in the best interest if the evidnece [sic] was not provided to [Plaintiff].  In fact if the evidence was not located;" and (2) "the declaration Lieutenant Robert Blehm signed under the penalty of perjury stating the evidence has disappeared." (Doc. 15 at 8.)  Plaintiff also suggests that he would provide evidence that the evidence submitted to the Madera County Sheriff's Department disappeared under the watch of Defendant Pogue and with Defendant Pogue's "direct knowledge of and intent to deprive [Plaintiff] of rights and privileges secured to him by the Constitution and laws of the United States." (*Id.*)

As additional exhibits, Plaintiff would show a jury that the Madera County Sheriff's Department has a deliberate policy, custom, and practice that Defendant Pogue violated by allowing the evidence housed at the Sheriff's Department to go missing, and that missing evidence is the moving force behind the constitutional violation of Plaintiff's Fifth and Fourteenth Amendments to the United States Constitution.  Plaintiff also appears to suggest that he would show a jury a deficient policy within the Madera County Sheriff's Department that allowed for evidence to go missing.

Plaintiff asserts that Defendant Pogue took an oath to protect and serve all citizens. However, Defendant Pogue implemented a new policy "to not have control over the evidence housed at the Madera County Sheriff's Department, and to allow any officer to take and discard what ever [evidence] they sit, for what ever reasons they choose to discard any evidence," which does not protect Plaintiff's rights under the Fifth and Fourteenth Amendments to the United States Constitution. (*Id.* at 9.)  Plaintiff additionally asserts that Defendant Pogue acted under color of state law to ensure that Plaintiff would not have access to evidence that was housed at the

Madera County Sheriff's Department.  Plaintiff would provide, as exhibits, evidence logs to show the jury that some items of evidence housed at the Sheriff's Department belonged to Plaintiff and were taken from his home.

Plaintiff further alleges that Defendant Madera County Sheriff's Department has a deliberate policy, custom and practice that Sheriff's deputies cannot discard evidence/property housed at the Sheriff's Department without proper chain of custody and documentation generated by the courts.  Plaintiff reportedly provide Madera County Superior Court transcripts showing that the Madera County District Attorney's Office did not ask for or submit to the Madera County Sheriff's Department an order to discard, purge, or throw away an evidence/property housed at the Madera County Sheriff's Department.  Plaintiff will also show that the Madera County Superior Court did not provide any destruction order to the defendants.  According to Plaintiff, defendants' action in allowing evidence to go missing is a violation of the policy, custom, and practice.

As relief, Plaintiff seeks compensatory and punitive damages for violations of his constitutional rights and retraining of officers working in the evidence room at the Madera County Sheriff's Department.

**IV. Discussion**

**A. *Heck* Bar**

Plaintiff's damages action is premised on allegations that Defendant Pogue conspired with Lieutenant Blehm to remove evidence from the Madera County Sheriff's Department evidence locker.  Plaintiff asserts that this deprived Plaintiff of his due process rights.   Plaintiff's allegations relate to a state superior court action involving the evidence, (*See* Doc. 15 at 7-8), and, presumptively, to a criminal conviction, for which he seeks evidence to demonstrate that two Madera County Sheriff's officers planted evidence against him, (*id.* at 7.).

As Plaintiff was previously informed, it has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to § 1983's otherwise broad

scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81; *Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82.

Successfully proceeding on his claims that Defendant Pogue and others conspired to remove evidence allegedly planted by other officers, which resulted in a violation of Plaintiff's due process rights, necessarily would implicate the validity of Plaintiff's underlying conviction. A § 1983 action for damages will not lie where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." *Heck*, 512 U.S. at 481–482. Plaintiff may not pursue § 1983 damages for his claims until Plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487; *see also Mogan v. Los Angeles Sheriff's Dep't*, No. 2:18-cv-00276-JLS (SHK), 2018 WL 6185973, at *4 (C.D. Cal. Aug. 31, 2018) (finding it possible that a judgment in favor of plaintiff regarding claims involving allegations about the fabrication of evidence would undermine the validity of a conviction obtained based on the falsification of plaintiff's charges and fabrication of evidence against him); *Cooper v. Ramos*, 704 F.3d 772, 785 (9th Cir. 2012) ("Successfully litigating [plaintiff's] claims of an evidence tampering conspiracy would necessarily implicate the validity of his state criminal conviction. These claims are not cognizable unless [plaintiff's] conviction is vacated, overturned, or invalidated."), (citing *Heck*, 512 U.S. at 486-87)).

### B. Fifth Amendment

Plaintiff alleges that defendants violated his due process rights under the Fifth and Fourteenth Amendments. "[T]he Fifth Amendment's due process clause applies only to the

federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). None of the named defendants are federal government employees.

### C. Fourteenth Amendment

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The due process clause of the Fourteenth Amendment confers both substantive and procedural protections. *Albright v. Oliver*, 510 U.S. 266, 272 (1994).

The substantive protections of the due process clause bar certain governmental actions regardless of the fairness of the procedures that are used to implement them. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998). Therefore, the substantive protections of the due process clause are intended to prevent government officials from abusing their power or employing it as an instrument of oppression. *Lewis*, 523 U.S. at 846. The Supreme Court has held that "the substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *Id.* at 847. "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional sense." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) (quoting Lewis, 523 U.S. at 846).

"Substantive due process is ordinarily reserved for those rights that are 'fundamental.'" *Brittain*, 451 F.3d at 990. "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity," and the Supreme Court has been reluctant to expand the concept of substantive due process. *Albright*, 510 U.S. at 271-72. To state a substantive due process claim, a plaintiff must "show both a deprivation of [his] liberty and conscience shocking behavior by the government." *Brittain*, 451 F.3d at 991.  Here, there is no indication that Plaintiff's claims regarding missing evidence are not being addressed by the superior court, which sought information directly from the Madera County Sheriff's Department.

///

///

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569–70 (1972). "[P]rocedural due process claims are resolved by balancing tests, where differing interests can give rise to many differing procedural requirements." *Brittain*, 451 F.3d at 1000. "(D)ue process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).  Plaintiff's conclusory allegations are insufficient to state a claim.  There are no facts alleged by which it could reasonably be inferred that Plaintiff has not received the process due from defendants.  This is particularly true given the Madera County Superior Court's apparent involvement in Plaintiff's assertions of missing evidence.

**D.  Madera County Sheriff's Department**

"To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n. 5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir.1987)).

The Court recognizes that there is a split within district courts in the Ninth Circuit on whether a sheriff department is "person" under § 1983 and a proper defendant for § 1983 claims. *See Siratsamy v. Sacramento Cty. Sheriff Dep't*, No. 2:21-cv-0678-JAM-KJN PS, 2021 WL 2210711, at *4 (E.D. Cal. June 1, 2021) (noting split of authority on whether a California sheriff's department or police department is a "person" under § 1983 and a proper defendant for § 1983 claims); *Cantu v. Kings Cty.*, No. 1:20-cv-00538-NONE-SAB, 2021 WL 411111, at *1 (E.D. Cal. Feb. 5, 2021) (discussing split within district courts in the Ninth Circuit on issue of whether a sheriff's department or police department is a separately suable entity).  However, certain courts, including the district judge assigned to this action, have found that a sheriff's department or police department may be sued as a "person" under § 1983. *See*, *e.g.*, *Estate of Osuna v. Cty. of Stanislaus*, 392 F.Supp.3d 1162, 1172 n. 2 (E.D. Cal. 2019) (concluding that sheriff's departments

and police departments are "persons" within the meaning of § 1983); *Tennyson v. Cty. of Sacramento*, No. 2:19-cv-00429-KJM-EFB, 2020 WL 4059568, at *6 (E.D. Cal. July. 20, 2020) (finding Sheriff's Department a properly named defendant in § 1983 action).

Under § 1983, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *Monell v. Dep't of Soc. Servs. of Cty. of New York*, 436 U.S. 658, 691 (1978). Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007). Here, Plaintiff does not identify a policy, custom or practice by the Madera County Sheriff's Department that was the moving force behind any alleged constitutional violations. Rather, Plaintiff identifies department policies prohibiting the destruction or purge of evidence without an order from the Madera County Superior Court and that prohibits sheriff's deputies from discovery evidence without proper chain of custody and documentation by the court. (Doc. 15 at 7, 10.) Plaintiff claims that Defendant Pogue violated these policies and asserts that he would show a jury "that the Madera County Sheriff's Department has a [deliberate] policy, custom, and practice[ ] that Defendant Pogue violated by allowing the evidence housed the Sheriff's Department to go missing." (*Id.* at 9.)

### E.  Title 18, United States Code

Plaintiff alleges violations of various provisions of Title 18, including 18 U.S.C. §§ 241, 1018. (*See* Doc. 15 at 4.) "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (quoting *Cannon v. University of Chicago*, 441 U.S. 677, 688 (1979)). Rather, the Court is to consider if Congress intended to create the private right of action in the statute, looking first to the language of the statute. *Id.* "Civil causes of action ... do not generally lie under the criminal statutes contained in Title 18 of the United States Code." *Del Elmer; Zachay v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997).

Plaintiff cannot bring suit against the defendants for violation of these section of Title 18. The cited sections provide for fines or incarceration for criminal offenses. There is no language

in these sections that would imply a private right of action. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (concluding criminal provision of 18 U.S.C. § 241 provides no basis for civil liability).

### V. Conclusion and Recommendation

Plaintiff's first amended complaint fails to state a cognizable claim for relief under section 1983. Despite being provided with relevant legal standards and being granted an opportunity to amend his complaint, Plaintiff has been unable to cure the deficiencies. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 21, 2022**                          /s/ *Barbara A. McAuliffe*
                                                                  UNITED STATES MAGISTRATE JUDGE